## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **DENNIS E. BORREGGINE,** | : | **Bankruptcy No. 09-28487-BM** |
| Debtor. | : | **Chapter 7** |
| ............................................................. | : | .............................................................. |
| **Marie E. Ruston,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 10-2132-BM** |
| | : | |
| **Dennis E. Borreggine**, | : | |
| Defendant. | : | |

Appearances:    Christopher M. Boback, for Marie E. Ruston.
　　　　　　　　Mary Bower Sheats, for Dennis E. Borreggine.

### MEMORANDUM OPINION

Marie Ruston, the instant plaintiff (hereafter "Ruston"), seeks to have her claims against Dennis Borreggine, the above-captioned debtor (hereafter "the Debtor"), declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The Debtor disagrees that such claims should be excepted from his Chapter 7 bankruptcy discharge. For the reasons that are set forth below, the Court, after a trial on the matter held on January 24, 2011, holds that (a) Ruston's claims cannot be declared nondischargeable pursuant to § 523(a)(2)(A), and (b) such debts, therefore, shall be discharged.

### STATEMENT OF FACTS

From approximately 1978 through December 2005, the Debtor and Ruston lived together in a home that was at all times solely owned by Ruston. The parties were never married.

At various times between 1989 and 1995 the Debtor requested and obtained from Ruston financial assistance to purchase motor vehicles and satisfy other indebtedness that he had individually incurred. Because Ruston had a very limited income, Ruston provided such financial assistance by obtaining several loans secured by the equity in her home. The Debtor was a cosigner for all of the aforesaid loans, and orally promised Ruston that he would satisfy such loans himself.

In July 1999 the Debtor and Ruston consolidated all of the previous loans into one loan with Great American Federal Savings and Loan for $51,327, which loan was secured with a mortgage on Ruston's home (hereafter "the July 1999 Mortgage Loan"). The July 1999 Mortgage Loan is currently owned by First Commonwealth Bank. Both parties signed the note that accompanied such loan. However, at the time of obtaining such mortgage loan the Debtor promised Ruston that he would eventually satisfy such loan himself; the Debtor also orally promised Ruston at the same time that he would personally pay for the homeowner's insurance on Ruston's home, as well as maintenance and repairs on her home (hereafter collectively referred to as "the July 1999 Oral Promises").

On December 6, 2008, the Debtor reduced to writing the foregoing agreement that he had made with Ruston in July 1999 (hereafter "the December 2008 Written Promise"). The Debtor included in such writing an agreement to also satisfy an outstanding balance due of $900 on a separate loan that was utilized to repair the garage roof on Ruston's home; as the Court understands it, such $900 balance has since been satisfied by the Debtor.

2

The Debtor made instalment payments on the July 1999 Mortgage Loan from July 1999 until August 2009, when he then ceased doing so. The Debtor also made payments on the homeowner's insurance and a home service and repair warranty continuously until March 2009, when he then ceased making such payments. From January 2006 – that is, shortly after the parties separated – until August 2009 the Debtor made payments on the July 1999 Mortgage Loan by automatic deduction from his checking accounts. Ruston contends that the outstanding balance due on the July 1999 Mortgage Loan was (a) $22,044.78 as of September 30, 2009, and (b) $23,174.36 as of August 13, 2010.

The Debtor filed a Chapter 7 bankruptcy petition on November 16, 2009. In his Bankruptcy Schedule F the Debtor indicates that Ruston has claims against him totalling $38,000 – the Court presumes that such claims are for the remaining balance due on the July 1999 Mortgage Loan, as well as accrued but unpaid amounts for the homeowner's insurance and the home service and repair warranty that the Debtor ceased making payments on in March 2009. Ruston now seeks to have her claims excepted from the Debtor's Chapter 7 discharge pursuant to § 523(a)(2)(A); the claims that she seeks to have so excepted, in particular, are the claims that correlate to the July 1999 Oral Promises and the December 2008 Written Promise.

## DISCUSSION[1]

Ruston's theory for relief under § 523(a)(2)(A) is somewhat unclear. Ruston formally contends, at paragraphs 31 and 32 of her adversary complaint, that the Debtor obtained the aforesaid financial assistance from Ruston between 1989 and 1995 by virtue of his fraudulently making (a) the July 1999 Oral Promises, and (b) the December 2008 Written Promise. Of course, such formal contentions are nonsensical, however, because promises that the Debtor did not even make until 1999 at the earliest necessarily could not have affected Ruston at times prior to and including 1995, let alone caused her to then obtain financial assistance for the Debtor.

Perhaps what Ruston meant to plead in her complaint is that (a) the Debtor never intended to honor the July 1999 Oral Promises and the December 2008 Written Promise, and (b) the Debtor thereby committed fraud. The Court suspects as much, in part, because Ruston openly inquired of the Debtor at trial whether the Debtor ever intended to honor the December 2008 Written Promise. Such a theory for relief under § 523(a)(2)(A) makes at least some sense since "[a] misrepresentation by a debtor of his or her intention to perform contractual duties ... may be a false representation under section 523(a)(2)(A). Thus, section 523(a)(2)(A) may make a creditor's claim nondischargeable if the debtor had no intention of performing any of the obligations under the contract." 4 Collier on Bankruptcy, ¶ 523.08[1][d] at 523-46 (Bender 2010). Unfortunately for Ruston,

---

[1] For the sake of resolving the instant adversary proceeding, the Court will presume that Ruston's claims are fully enforceable pursuant to applicable state law outside of bankruptcy.

4

however, the Court finds that the Debtor intended to honor, and thus never misrepresented his intent to honor, the July 1999 Oral Promises and the December 2008 Written Promise given (a) that, with respect to the former, he made approximately ten (10) years worth of instalment payments as called for by such oral promises, and (b) that, with respect to the latter, he made roughly nine (9) months worth of instalment payments as called for by such written promise.  Therefore, the Court holds that the Debtor did not commit fraud when he made the July 1999 Oral Promises and the December 2008 Written Promise.

Also fatal to Ruston's cause, the Court concludes, is the Court's holding that, even if the Debtor had fraudulently made the July 1999 Oral Promises and the December 2008 Written Promise, nothing was actually obtained by virtue of the making of such promises.  "For a debt to fall within th[e] exception [of § 523(a)(2)(A)], money, property or services ... must actually have been obtained by the false pretenses or representations or by means of actual fraud. ...  Before the exception applies, the debtor's fraud must result in a loss of property to the creditor." 4 Collier on Bankruptcy, ¶ 523.08[1][a] at 523-43; *see also* In re Rountree, 330 B.R. 166, 171 (E.D.Va. 2004) (citing same passage from Collier).  The Court holds that nothing was obtained by virtue of the making of the July 1999 Oral Promises because (a) the aforesaid loan consolidation that preceded the making of such promises, as well as any accompanying loan of additional funds, came from Great American Federal Savings and Loan rather than Ruston, and (b) the Debtor was, and remains, co-liable on such debt to Great American Federal Savings and Loan, which means that the Debtor obtained nothing from Ruston in the way of money,

5

property, or services in 1999. The Court holds as well that nothing was obtained by virtue of the making of the December 2008 Written Promise given that nothing in the way of money, property, or services changed hands between Ruston and anyone else in 2008. Therefore, neither the July 1999 Oral Promises nor the December 2008 Written Promise caused any loss of property to Ruston; instead, Ruston's losses were caused by her obtaining of financial assistance for the Debtor in the prior years between 1989 and 1995.

## CONCLUSION

For all of the foregoing reasons, Ruston's claims cannot be declared nondischargeable pursuant to § 523(a)(2)(A). Such debts, therefore, shall be discharged.

**BY THE COURT**

**/s/**
**BERNARD MARKOVITZ,**
**U.S. Bankruptcy Judge**

**DATED:    February 2, 2011**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| **DENNIS E. BORREGGINE,** | : **Bankruptcy No. 09-28487-BM** |
| Debtor. | : **Chapter 7** |
| **Marie E. Ruston,** | : |
| Plaintiff, | : |
| v. | : **Adversary No. 10-2132-BM** |
| **Dennis E. Borreggine**, | : |
| Defendant. | : |

## ORDER OF COURT

**AND NOW,** this **2nd day** of **February, 2011**, for the reasons set forth in the accompanying Memorandum Opinion of the same date; and subsequent to notice and a trial on the matter that was held on January 24, 2011, it is **hereby ORDERED, ADJUDGED, AND DECREED** that (a) Ruston's (i.e., the Plaintiff's) claims **cannot be declared nondischargeable** pursuant to § 523(a)(2)(A), and (b) such debts, therefore, **shall be discharged**.

BY THE COURT

/s/
**BERNARD MARKOVITZ,**
**U.S. Bankruptcy Judge**

copies to:

Christopher Boback, Esq.
Mary Bower Sheats, Esq.
Jeffrey Sikirica, Trustee